IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM A. HIMCHAK, III,                                :
    Petitioner,                                          :
    v.                                                            : Case No. 2:22-cv-907-KAP
MICHAEL ZAKEN, SUPERINTENDENT,     :
S.C.I. GREENE, *et al.,*                                   :
    Respondents                                       :

<u>Memorandum Order</u>

Petitioner's Motion for Immediate Injunctive Relief, ECF no. 17, and Motion for Video Conference, ECF no. 18, are denied.

I have submitted a recommendation that petitioner William Himchak's petition for habeas corpus at this number be dismissed. ECF no. 16. This supplement attempts to interpret the documents filed by the petitioner since that recommendation (including his objections, ECF no. 19, and supplement thereto, ECF no. 20) for the further light they shed on Himchak's possible legal claims.

William Himchak is at S.C.I. Greene as a technical parole violator. In April 2022, Himchak filed a petition for a writ of habeas corpus in the Middle District of Pennsylvania. Magistrate Judge Karoline Mehalchik transferred the matter here and it was opened as the above-captioned matter. The petition attacked petitioner's two 2017 convictions and sentences in the Franklin County Court of Common Pleas for wiretap offenses. Himchak was paroled on those sentences in 2019.

In June 2022, Himchak also directly filed in this Court a 57-page document captioned "Notice of Appeal" from a civil matter in the Court of Common Pleas of Huntingdon County. It was interpreted as a new petition for a writ of habeas corpus and docketed as such by the Clerk at <u>Himchak v. SCI-Smithfield</u>, 2:21-cv-785-KAP, assigned to me, and administratively closed because it was not accompanied by a filing fee or motion to proceed *in forma pauperis*. Himchak responded to the administrative closing with the explanation that it was mistakenly filed in federal court and was intended for the Pennsylvania Superior Court. Subsequently Himchak has filed additional papers in that case, but he has never paid a filing fee or moved to proceed *in forma pauperis*, and although the papers filed there shed some light on this case, that matter remains closed.

In this matter, it was not clear at the beginning what the basis for Himchak's petition was or even why he was in custody. As my Report and Recommendation discussed, to the extent that Himchak wished to attack his underlying conviction in this court he could not do so without authorization from the Court of Appeals, and to the extent he wished to attack

1

the action of the Parole Board for some reason other than the alleged invalidity of the underlying conviction he needed to clarify what that reason was.

Based on the paperwork that has been filed since my Report and Recommendation, it appeals that Himchak is in custody as a technical parole violator for assaultive behavior in April 2021. The assaultive behavior alleged was threatening language in an April 12, 2021 email to an attorney that Himchak had contacted at the Department of Justice, in a portion of which Himchak wrote:

> If Parole Board, ANY Parole Agents or ANY Law Enforcement Officials (at Parole Agents "false orders" continue to harass OR attempt to put their hands on me it will be considered aggressive/physical threat and I will -deploy- necessary self-defense ... including disable and Lethal Force if necessary. THEN ... I WILL file Federal Criminal charges (from Washington DC) for non-compliance of this direct order.

It is still not clear from the papers in the record whether the Parole Board imposed a specific penalty or simply decided to hold Himchak to the expiration of his sentence, but if the latter the Parole Board's Notice of Charges refers to Himchak's sentence as expiring on May 25, 2023. Himchak's Petition for Review, in which he is represented by Tyler Shultz, Esquire, of the Office of the Public Defender of Fayette County, is still pending in the Commonwealth Court at Himchak v. Parole Board, 1466 CD 2021 (Pa.Cmwlth.).

Interpreting Himchak's documents liberally, he makes two claims: 1) that his underlying convictions are invalid, so any parole sanction is invalid; and 2) the language quoted above is not assaultive behavior and is arguably protected by the First Amendment. There is a body of precedent under Pennsylvania law discussing indirect and conditional threats as assaultive behavior. *See* Commonwealth v. Simmons, 56 A.3d 1280, 1285 (Pa.Super.2012), *aff'd*, 91 A.3d 102 (Pa.2014). I have already addressed why this court cannot hear Himchak's clear argument that any parole sanction is invalid because his underlying conviction is invalid. To the extent that Himchak's subsequent paperwork asserts the claims that his language does not constitute assaultive behavior or is protected speech, he can present those claims here, but he cannot do so yet. As a petitioner in custody due to a state court sentence, Himchak can present a claim in a petition for a writ of habeas corpus in federal court only after he has exhausted his remedies in the state courts by presenting his claims there. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996, allows a federal court to issue a writ of habeas corpus to a person in custody pursuant to a state court judgment only after all available state remedies have been exhausted. 28 U.S.C.§ 2254(b)(1). Exhausting state remedies means giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The reason is two-fold: first, Himchak

might obtain relief in the state courts and any federal petition would be moot; second, AEDPA does not permit this court to consider *de novo* any claim Himchak might make, but rather commands requires deference by a federal court considering a habeas petition to the factual findings and legal conclusions of the state courts. Federal habeas relief may not be granted for claims decided on the merits in the state courts unless the decision was contrary to federal law then clearly established by the Supreme Court, or involved an unreasonable application of such law, or was based on an unreasonable determination of the facts in light of the record before the state court. See Harrington v. Richter, 562 U.S. 86, 100 (2011).

In sum then, Himchak's petition must still be dismissed, but without prejudice to returning on some claims after exhaustion of his remedies in state court.

DATE: July 18, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

William Himchak NF-6354
S.C.I. Greene
169 Progress Drive
Waynesburg, PA 15370